1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Original Filed 3/23/07**

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ABRAHAM GALE,<br><br>                              Appellant,<br><br>        v.<br><br>NEC CORPORATION, et al.,<br><br>                              Appellees. | Case Number C 06-3237 JF<br><br>ORDER[1] AFFIRMING ORDER OF THE BANKRUPTCY COURT<br><br>[re: docket no. 1] |

Appellant Abraham Gale, proceeding *pro se*,[2] appeals the order of the bankruptcy judge granting Appellee NEC Corporation's motion to dismiss and disallow Appellant's claim.  For the reasons discussed below, the Court will affirm the order of the bankruptcy court.

## I.  BACKGROUND

[1] This disposition is not designated for publication and may not be cited.

[2] On November 20, 2006, after Appellant made no objection, the Court granted the motion to withdraw filed by Appellant's prior counsel.  Appellant filed his opening brief on January 23, 2007, after failing to find an attorney who would represent him on a contingency-fee basis.  *See* Reply 25.

1    This action arises from the bankruptcy of PB Electronics, Inc ("the debtor").[3]  Appellant's

2    claim is based upon a *qui tam* action against the debtor that was pending at the time of the

3    bankruptcy.[4]  In that action, Appellant alleged that Zenith Data Systems, Corp. ("Zenith"), of

4    whom the debtor is an owner,[5] presented false and fraudulent claims for payment to the federal

5    government for personal computers provided to the Air Force and other agencies within the

6    Department of Defense.  *See* Excerpts of Record Ex. 2.  Appellee states that, "in its capacity as a

7    creditor of the bankruptcy estate and a party in interest, [NEC] objected to [Appellant's] claim

8    under section 502(a) of the Bankruptcy Code, 11 U.S.C., and filed the motion that led to the

9    dismissal and disallowance of Gale's claim."  Appellee's Brief 2.

10    The Court determines that the record and the briefs adequately present the facts and legal

11   arguments, and that oral argument would not aid the Court in its decisional process.  The Court

12   therefore may decide the appeal without oral argument pursuant to Fed. R. Bankr. Pro. 8012.

13   ## II. LEGAL STANDARD

14    A district court reviews a bankruptcy court's decision applying the same standard of

15   review used by circuit courts reviewing district court decisions.  *See Ford v. Baroff (In re Baroff)*,

16   105 F.3d 439, 441 (9th Cir. 1997). The district court reviews the bankruptcy court's factual

17   findings for clear error and its conclusions of law de novo.  *See Diamant v. Kasparian (In re*

18   *Southern Cal. Plastics, Inc.)*, 165 F.3d 1243, 1245 (9th Cir. 1999).

19   ## III. DISCUSSION

20    Appellant first asserts that "[t]he Bankruptcy Court Judge gave no reason for his

21   opinion."  Appellant Brief 1.  Indeed, the bankruptcy judge appears to have signed a proposed

22   _____

23    [3]  The underlying bankruptcy case is entitled *In re PB Electronics, Inc.*, Chapter 7 Case
      No. 04-51268 JRG.

24

25    [4]  The action is *United States ex rel. Abraham Gale v. Packard Bell NEC, Inc. et al.*, Case
      No. C 99-1068 CB (S.D.Ala.).

26    [5]  Appellant asserted in his *qui tam* action that the exact relationship between the debtor
27   and Zenith is unclear.  The record on appeal does not make the nature of the relationship any
     clearer, but the parties do not appear to dispute that the debtor owns at least some portion of
28   Zenith.

Case No. C 06-3237 JF
ORDER AFFIRMING ORDER OF THE BANKRUPTCY COURT
(JFLC1)

1    order that granted Appellee's motion in its entirety without reciting the reasoning underlying the

2    order.  Appellant, however, cites no authority indicating that this omission constitutes reversible

3    error.  Appellant also asserts that "the Bankruptcy Court Judge erred based on the facts and

4    arguments that I presented," *id.*, but does not identify any specific error that the bankruptcy court

5    purportedly made.  Appellant describes the issue before the bankruptcy court as "whether [he]

6    could have been an original source."  *Id.* at 2.  Since Appellant's three-page opening brief

7    focuses on this question, the Court understands this to be the issue presented on appeal.[6]

8        If allegations or transactions at issue in a *qui tam* suit have been publicly disclosed, a

9    relator may bring suit only if she was "an original source of the information."  *United States v.*

10   *Northrop Corp.*, 5 3d 407, 411 (9th Cir. 1993).  In a proceeding arising from an earlier *qui tam*

11   suit based on similar allegations to those in the instant action, the Ninth Circuit held that

12   "[Appellant] played an insufficient role in uncovering the [] allegations [regarding Zenith] to be

13   deemed an original source."  *Seal 1 v. Seal A*, 255 F.3d 1154, 1163 (9th Cir. 2001).[7]  Appellant

14

15       [6] Appellee opposes the appeal on multiple bases, including that Appellant has abandoned
16   whatever issues he purports to have raised by his failure to provide reasoning or argument.
     Appellee Brief 6.  The Court concludes that Appellant has abandoned any issues other than the
17   issue as to whether he is an original source.  *See Independent Towers of Wash. v. State of Wash.*,
     350 F.3d 925 (9th Cir. 2003) ("Our circuit has repeatedly admonished that we cannot
18   manufacture arguments for an appellant and therefore we will not consider any claims that were
     not actually argued in appellant's opening brief.  Rather, we review only issues which are argued
19   specifically and distinctly in a party's opening brief.  Significantly, [a] bare assertion of an issue
     does not preserve a claim.") (internal quotation marks and citations omitted); *see also Fodor v.*
20   *Time Warner, Inc.*, 2007 WL 81742 (9th Cir. 2007) (unpublished decision) (applying
     *Independent Towers* to a *pro se* litigant).  The Court need not decide whether Appellant has
21   abandoned the issue of his status as an "original source" because it concludes that Appellant
22   cannot prevail on such an argument in any event.
         Appellant submitted a reply that consists primarily of an extended description of his view
23   of the facts of the case.  The reply does not add significant argument regarding the "original
24   source" question.

25       [7] The Ninth Circuit also held that the information was publicly disclosed.  *Id.* at 1162.
26   Appellant does not argue in his opening brief that the information at issue in the instant case, to
     the extent that it is different from that in the Ninth Circuit case, was publicly disclosed.
27   Appellant states conclusorily in his reply that no disclosure occurred, Reply 23-24, but he cites
     no authority that would allow the Court to consider such an untimely argument or to rule in his
28   favor.

Case No. C 06-3237 JF
ORDER AFFIRMING ORDER OF THE BANKRUPTCY COURT
(JFLC1)

1    apparently sought to attack the Ninth Circuit's holding before the bankruptcy judge on the basis

2    that "documents obtained by Gale after his previous *qui tam* testimony clearly show that Gale

3    had direct and independent knowledge of the information on which his allegations are based."

4    Opposition to Motion to Dismiss 8-9.  Without explaining the specific import of these materials,

5    Appellant continued to assert that "[t]his [documentary evidence] proves that Gale's testimony in

6    his used-part *qui tam* was accurate and that Defendant's witnesses lied and committed fraud on

7    the court." *Id.* at 10.  Nonetheless, the voluminous documentary evidence identified by

8    Appellant does not provide a clear indication as to why the Ninth Circuit's conclusion that

9    Appellant was not an original source is incorrect.  Even assuming that the evidence casts some

10   doubt upon the credibility of certain witnesses, the district court's decision in *Seal 1* appears to

11   have been based largely upon Appellant's discussions with representatives of the federal

12   government, not upon the testimony that Appellant attacks.  *See* Order Under Seal 196-97, Case

13   No. CV 96-2728 GHK (C.D.Cal. Aug. 7, 1998) (Excerpts of Record on Appeal Ex. 15).

14   Accordingly, the Court concludes that Appellant provided the bankruptcy court with insufficient

15   grounds upon which to disturb the Ninth Circuit's conclusion in *Seal 1* that he was not an

16   original source with respect to frauds perpetrated by Zenith.  This appeal provides no basis on

17   which to find reversible error in the bankruptcy court's treatment of Appellant's "original

18   source" arguments.

**IV.  ORDER**

20        Good cause therefor appearing, the order of the bankruptcy court is hereby AFFIRMED.

22   DATED: March 23, 2007

_____
JEREMY FOGEL
United States District Judge

4

1   This Order has been served upon the following persons:

2   Richard A. Lapping      rlapping@thelenreid.com,

3   Notice will be delivered by other means to:

4   Mark S. Bostrick
    Wendel Rosen Black & Dean
5   1111 Broadway
    24th Floor
6   Oakland, CA 94607

7   Abraham Gale
    5173 Waring Rd. #538
8   San Diego, CA 92120

9   James R. Grube
    U.S. Bankruptcy Court
10  280 South First Street
    Romm 3035
11  San Jose, Ca 95113

12  USBC Manager-San Jose
    US Bankruptcy Court
13  280 South First Street
    Room 3035
14  San Jose, CA 95113

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 06-3237 JF
ORDER AFFIRMING ORDER OF THE BANKRUPTCY COURT
(JFLC1)